378 So.2d 938 (1979)
Eula Marie GUIDRY
v.
Conrad SERIGNY, d/b/a Leeville Seafood Restaurant and Lounge.
No. 65004.
Supreme Court of Louisiana.
December 13, 1979.
Rehearing Denied January 28, 1980.
*939 Steven M. Koenig, New Orleans, for plaintiff-applicant.
George J. Ledet, Jr., Laplante & Ledet, Ltd., Cut Off, for defendant-respondent.
BLANCHE, Justice.[*]
The plaintiff, while employed as a cook in defendant's restaurant, fell on the way back to the kitchen from the storage area. The evidence indicates that plaintiff fell either because she fainted, had a heart attack or slipped on a newly waxed floor. The trial court denied plaintiff's claim for workmen's compensation, finding that she did not slip on a waxed floor but instead, fell as a result of a heart attack or fainting spell. Because the plaintiff failed to show a causal relationship between her employment and the spell or heart attack, the trial court denied recovery. The court of appeal affirmed. We granted certiorari to determine if the plaintiff's accident was one arising out of and in the course of her employment. We find that the accident was such an accident and thus, reverse the court of appeal.
La.R.S. 23:1031 provides in pertinent part as follows:
"If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation ..."
It is apparent that the accident occurred during the course of her employment. Plaintiff was on the job and about the employer's business as a cook when she fell and injured herself. The seemingly more difficult issue is whether the accident which injured the plaintiff was one which arose out of her employment.
In instances where the plaintiff seeks to recover for a disabling heart attack, he must show a causal relationship between the heart attack, his employment and his resulting disability. Landreneau v. Travelers Ins. Co., 345 So.2d 177 (La.App. 3rd Cir. 1977); Griffin v. Crown Zellerbach Corp., 345 So.2d 84 (La.App. 1st Cir. 1977); Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2d Cir. 1977). To establish this *940 causal relationship, it need not be shown that the attack was caused by extraordinary activities. It is sufficient to show that the death or disability resulting from the accidental injury (heart attack) was caused or precipitated by the usual and customary actions, exertions and other factors connected with her employment. Roussel v. Colonial Sugars Co., 318 So.2d 37 (La.1975). Despite counsel's reliance on these cases, they are distinguishable from the instant suit. La.R.S. 23:1021 defines accident as follows:
"(1) `Accident' means an unexpected or unforseen event happening suddenly or violently with or without human fault and producing at the time objective symptoms of an injury."
In the above cases, the accident producing objective symptoms of an injury was the heart attack. Here, the plaintiff's accident was not the fainting spell, heart attack or slip which may have caused her to fall. Plaintiff's accident was the fall itself and this is so regardless of the precipitating reason therefor.
In an analogous case, Hull v. Liberty Mutual Ins. Co., 236 So.2d 847 (La.App. 1st Cir. 1970), the plaintiff's decedent suffered what appeared to be hypoglycemic shock and lost control of his car. As a result of the compound skull fractures suffered in the ensuing collision, he died. The court of appeal properly allowed recovery because while the employee's preexisting condition of diabetes may have caused the collision, it was the collision which caused the fractures and his subsequent death. Thus, since the collision was an accident which arose out of the conducting of his employer's business, recovery was proper. Likewise, in this situation, Mrs. Guidry's heart attack or fainting spell may have caused her to fall, but it was the fall which caused the alleged injuries to her back.
This reasoning is consistent with that found in Flowers v. Williams-Rieves Lumber Co., 5 La.App. 49 (2nd Cir. 1926) where recovery was allowed when an employee fell out of a truck because he had chewed tobacco and became unconscious. In Ryland v. R & P Construction Co., 19 So.2d 349 (La.App. 2d Cir. 1944), a night watchman recovered for burns he received on his feet when his epileptic seizure caused him to fall into a fire.
These cases establish a rule that an otherwise compensatible accident does not cease to arise out of the employment simply because it can be attributed to a physical infirmity of the employee. Having determined the nature of the accident, we now consider whether the (fall) accident arose out of her employment.
The inquiry is two-fold. First, it must be determined whether the employee was then engaged in his employer's business and secondly, did the necessities of the employer's business reasonably require that the employee be at the place of the accident at the time of the accident. Kern v. Southport-Mill, 174 La. 432, 141 So. 19 (1932). Applying this standard to the present accident, it is apparent that the fall arose out of Mrs. Guidry's employment. When the plaintiff fell, she was carrying a mayonnaise jar from the storage area to the kitchen in order to prepare for the noon meal. This activity was certainly in pursuit of her employer's business. It is equally apparent that her employment required that she be in the area where the accident occurred. We therefore hold that Mrs. Guidry's fall was an accident arising out of and in the course of employment within the meaning of R.S. 23:1031.
Mrs. Guidry claims that as a result of this fall, she has suffered back injuries which have permanently disabled her. Although evidence was admitted in regard to the extent of Mrs. Guidry's injuries and disability, neither the trial court nor the court of appeal reached the issue of the extent, if any, of Mrs. Guidry's disability. For these reasons, we reverse the ruling of the court of appeal and remand the case to determine if the alleged back injuries of Mrs. Guidry entitle her to compensation.
SUMMERS, C. J., dissents and agrees with the judgments of the trial and intermediate appellate court.
NOTES
[*] Honorable JESSE N. STONE, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of TATE, J.