11 GUIDRY, Chief Judge.
This is a worker’s compensation case. Plaintiff, Priscilla Guillory, a janitorial worker employed by Gulf States Utilities (GSU), brought this action against her employer alleging that she injured her left knee on September 23, 1988 while acting within the course and scope of her employment with GSU.
The hearing officer determined that Guillo-ry was involved in an accident on September 23, 1988 which caused her knee injury and rendered her disabled. The hearing officer also concluded that GSU had arbitrarily and capriciously refused to pay compensation benefits and medical expenses. Accordingly, the hearing officer rendered judgment in favor of Guillory and against GSU for temporary total disability from the date of the accident until said disability ceased subject to a credit for any wages paid Guillory since September 23, 1988 together with a penalty award of $2,000 and an award of $2,000 in attorney’s fees. The judgment also obligated GSU to pay all 12medical expenses related to the accident.
GSU appeals and assigns the following errors:
(1)The hearing officer’s determination that Guillory’s accident or injury arose out of her employment;
(2) The hearing officer’s refusal to admit into evidence the prior recommendation of the Office of Worker’s Compensation (OWC); and,
(3) The hearing officer’s assessment of penalties and attorney’s fees against GSU.

FACTS

On September 25, 1988 at approximately 2:45 p.m., Guillory was preparing to end her daily work duties at GSU. Guillory’s last task of the day was to transport that day’s mail. Prior to leaving on that mission, Guil-lory needed to speak to her supervisor. In order to reach her supervisor’s office from her work area, Guillory had to traverse a paved parking lot. As Guillory walked across the parking lot, she fell onto the pavement. A fellow employee, Clifton Etienne, assisted her to her feet. Etienne testified that he observed that Guillory’s left knee was bleeding and her pant leg was torn.
Immediately after the fall, Guillory reported the incident to her supervisor, Glynn Beck, who completed an accident report detailing the fall. The report prepared by Beck notes that Guillory was “stepping off sidewalk when left leg gave way, fell to hands and knees, left knee hit pavement”.
On September 26, 1988, Guillory saw her family physician, Dr. Charles Anderson, with complaints of pain in her left knee. After examining Guillory and noting swelling in the left knee, Dr. Anderson prescribed anti-inflammatory medication and referred her to Dr. Dennis Walker, an orthopedic surgeon. Dr. Walker saw Guillory on September 30, 1988 at which time he also observed swelling of her left knee. Dr. Walker prescribed bedrest for three weeks. On October 17, 1988, Dr. Walker again saw Guillory whose complaints of left knee pain-persisted. After ^examining Guillory, Dr. Walker recommended an arthroscopic procedure which was performed on November 2, 1988. According to Dr. Walker’s testimony, the arthroscopic examination revealed a “recent chondral fracture of the medial femoral condyle” as well as a “complex tear of the lateral meniscus”. Dr. Walker opined that the fracture was more probably, than not caused by the Sep *490 tember 23rd fall but that the cartilage tears predated Guillory’s fall. Dr. Walker indicated that these tears rendered the knee unstable and could have caused Guillory’s fall.
In January of 1989, Guillory returned to work. However, her knee problems continued and ultimately required additional surgery in October of 1989. Guillory never returned to work after the second surgery and her employment was terminated by GSU on April 30, 1990 on the basis that she was medically unfit to perform her job duties.
According to’ Guillory’s testimony at the hearing, she was unsure as to what caused her to fall. While she stated that the pavement was uneven where she fell, she could not definitively attribute her fall to the pavement’s condition. Clifton Etienne’s testimony did corroborate Guillory’s testimony with respect to the unevenness of the pavement’s surface where she fell. Etienne, however, did not actually see Guillory fall.

ASSIGNMENT OF ERROR NO. 1

By this assignment of error, GSU argues that the hearing officer erred in determining that Guillory’s accident or injury arose out of her employment. Although GSU concedes that the incident occurred in the course of Guillory’s employment, in brief, GSU contends that the hearing officer failed to recognize that “the risk of injury suffered by a worker’s compensation claimant must be different from that of the ordinary person in order for an accident to be compensable
In her written reasons for judgment, the hearing officer addressed GSU’s argument in this regard and, relying on the Leases of Guidry v. Serigny, 378 So.2d 938 (La.1979) and Morris v. City of Opelousas, 572 So.2d 639 (La.App. 3rd Cir.1990), found GSU’s position without merit.
Generally, under La.R.S. 23:1031, an employee is eligible for and his employer is required to pay compensation benefits when the employee “receives a personal injury by accident arising out of and in the course of his employment”. Prior to its amendment by Act 454 of 1989, effective January 1, 1990, La.R.S. 23:1021(1) defined an “accident” as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of injury”. The law applicable to this case is that in effect prior to the amendment by Act 454 of 1989.[1]
In Morris, supra, the issue concerned whether the claimant, an epileptic, fell on the job as a result of an epileptic seizure or from tripping on a rug. This court found the cause of the fall immaterial, stating, “... Morris’ accident was not the epileptic attack which may have caused him to fall. Morris’ accident was the fall itself and this is so regardless of the precipitating reason therefor”. Also, in Guidry, supra, our Supreme Court observed that:
Here the plaintiffs accident was not the fainting spell, heart attack or slip which may have caused her to fall. Plaintiffs accident is the fall itself and this is so regardless of the precipitating reason therefore.
Likewise, in the instant case, Guillory’s accident was the fall itself regardless of the precipitating cause of her fall. Consequently, the hearing officer’s determination that Guillory’s fall constituted an “accident” is correct.
| sin briefing this assignment of error, GSU argues that the evidence preponderates in favor of a finding that Guillory’s fall was caused by a preexisting physical condition which rendered Guillory’s left knee unstable. Therefore, GSU concludes that Guillory’s fall did not arise out of her employment because the fall can only be attributed to her preexisting physical condition.
In Guidry, supra, our Supreme Court noted that “... an otherwise compensable accident does not cease to arise out of the employment simply because it can be attrib *491 uted to a physical infirmity of the employee”. To determine whether a fall arises out of the employment, a twofold inquiry must take place according to the Guidry case, “[fjirst, it must be determined whether the employee was then engaged in his employer’s business and secondly, did the necessities of the employer’s business reasonably require that the employee be at the place of the accident at the time of the accident”. Guidry, at p. 940. Employing these inquiries to the circumstances present, it is clear that Guillory’s fall arose out of her employment. Guillory was in pursuit of her employer’s business at the time of her fall. Moreover, as conceded by GSU, Guillory’s employment required that she be in the area where the accident occurred.
GSU finally argues that Guillory’s fall did not cause her disability but, instead, resulted from a preexisting condition.
A claimant’s preexisting condition does not bar his or her recovery under the Louisiana Worker’s Compensation statute. Guillory v. U.S. Fidelity & Guaranty Insurance Co., 420 So.2d 119 (La.1982).
An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. Furthermore it is immaterial that the diseased or weakened condition eventually might have produced death or disability outside the employment situation.
I * * * * * *
The accident need not either cause or aggravate the disease which is the cause of the disability, nor adversely change a particular organ or organs of the body. In Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 at 827 (1969), this Court expressly rejected the proposition that “an accident must either cause or aggravate the disease which is the cause of the disability,” ...
******
Where there is proof of an accident and of the following disability without any intervening cause it is presumed that the accident caused the disability. It is not necessary to determine the exact cause of the disability. The criterion for causal connection between the accident and the disability is: “has the accident changed the plaintiffs condition so as to render him disabled and unfit for his former employment?” (citations omitted) Guillory, supra, at 123.
Our careful review of the record reveals no manifest error in the hearing officer’s finding of a causal connection between the accident and Guillory’s resulting disability. Simply put, prior to her fall, Guillory was capable of performing all the required duties of her job. Following her fall, Guillory was rendered unfit for her former employment.

ASSIGNMENT OF ERROR NO. 2

GSU assigns as error the hearing officer’s refusal to admit into evidence the recommendation of the OWC. We pretermit discussion of the propriety of the hearing officer’s decision in this regard inasmuch as the failure to admit the recommendation into evidence, if error, constituted harmless error. See, Clark v. Atlantic Painting Co., 521 So.2d 505 (La.App. 4th Cir.1988).

ASSIGNMENT OF ERROR NO. 3

In its final assignment of error, GSU argues that the hearing officer erred in assessing it with penalties and attorney’s fees. GSU relies on the very same argument it made with respect to whether or not Guillory suffered an accident arising out of her employment to argue that the hearing officer 17erred in awarding penalties and attorney’s fees.
Whether the refusal to pay benefits warrants the imposition of penalties and attorney’s fees is a factual question which will not be disturbed in the absence of manifest error. Polk v. Babineaux’s Plumbing, Inc., 628 So.2d 71 (La.App. 3rd Cir.1993).
As this court noted in affirming the trial court’s imposition of penalties and attorney’s fees in the Morris decision, the law on the issue presented, i.e., whether Guillory’s injuries arose out of her employment, is well settled and fully discussed in the jurisprudence. See Guidry, supra. Accordingly, we find no manifest error in the hearing officer’s *492 decision to impose penalties and attorney’s fees.
Although we find no error in the hearing officer’s decision to impose penalties and attorney’s fees against GSU, we do find that the hearing officer’s assessment of a $2,000 penalty against GSU does not accord with La.R.S. 23:1201 E which mandates the imposition of a 12% penalty in instances where the imposition of a penalty is appropriate. Based on our calculations, it is clear that Guillory’s entitlement to a 12% penalty assessment affords her the right to a considerably larger monetary award than the $2,000 awarded to her by the hearing officer. Be that as it may, we are unable to modify this assessment since Guillory has neither appealed nor answered GSU’s appeal. It is well settled that a judgment cannot be changed in favor of an appellee who neither appealed nor answered the adversary’s appeal. La.C.C.P. art. 2133; Arrow Construction Co., Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir.1973).
For the reasons stated above, the judgment appealed from is affirmed at GSU’s cost.
AFFIRMED.

. We observe that, despite the term "accident” being redefined by the passage of Act 454 of 1989, our careful review of the record convinces us that, even under the present definition of the term "accident", Guillory's fall constitutes an accident. See Carter v. Smith, 620 So.2d 942 (La.App. 3rd Cir.1993); Dyson v. State Employees Group Benefits Program, 610 So.2d 953 (La.App. 1st Cir.1992); Rice v. AT & T, 614 So.2d 358 (La.App. 2d Cir.1993).