# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1570


**MARGARET FONTENOT**

**VERSUS**

**WAL-MART STORES, INC.**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-00303
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


Kevin L. Camel
Cox, Cox, Filo & Camel
723 Broad Street
Lake Charles, LA   70601
(337) 436-6611
COUNSEL FOR PLAINTIFF/APPELLEE:
    Margaret Fontenot

Frank A. Flynn
Allen & Gooch
Post Office Box 3768
Lafayette, LA   70502-3768
(337) 291-1250
COUNSEL FOR DEFENDANT/APPELLANT:
    Wal-mart Stores, Inc.

AMY, Judge.

In this workers' compensation matter, the employee-claimant suffered an apparent seizure while at work, during which she fell to the floor and hit her head, cracking her skull. She underwent emergency surgery, which, in turn, resulted in an infection that required two additional surgeries. The claimant subsequently filed a disputed-compensation form, asserting that her employer had not paid wage benefits or medical benefits. The employer answered, arguing that the claimant's injuries did not arise in the scope of her employment. Following the disputed-claim hearing, the workers' compensation judge ruled that the claimant suffered an injury in the course and scope of her employment and ordered the employer to pay workers' compensation and medical benefits. In addition, the workers' compensation judge ruled that the employer failed to reasonably controvert the claimant's cause of action and assessed penalties and attorney's fees accordingly. The employer appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The record reflects that Margaret Fontenot, the claimant herein, began working for Wal-Mart in late September 1993. Ms. Fontenot testified at the disputed-claim hearing in the matter that on November 26, 2001, the date of the accident at issue, she arrived at the Wal-Mart Supercenter on Highway 14 in Lake Charles, Louisiana, at five o'clock in the morning for her shift in the bakery department. She explained that one of her duties each morning was to take bread from the bakery to the deli department for display. Ms. Fontenot testified that the last thing that she remembers from the day of the accident was that shortly before eight o'clock that morning, she said hello to a co-worker while taking a load of bread to the deli. The record indicates that while Ms. Fontenot was in the process of delivering the bread, she fell to the floor

and hit her head. One of Ms. Fontenot's co-workers testified that she saw Ms. Fontenot fall to the floor as if she had fainted. Several others testified that when they arrived on the scene after Ms. Fontenot fell, it appeared that she was having a seizure. The record reflects that she was bleeding profusely from the head and was moaning in pain.

Ms. Fontenot was promptly taken to the hospital, where emergency surgery was performed. Ms. Fontenot testified that it was her understanding that she had cracked her skull in three places and that the presence of four blood clots in the area required that surgery be performed immediately. She stated that when she awoke five days after the accident, her treating physician informed her that although her surgery was successful, he believed that an infection had developed that would require a second surgery. Ms. Fontenot indicated that during this second procedure, an infected bone was removed from her skull. She noted at the disputed-claim hearing that, although she was still weak, her condition improved afterwards.

On May 26, 2002, Ms. Fontenot began to experience sharp pain in her right leg. She went to the hospital, where she was informed that the second surgery was not completely successful in removing the infection, which had spread to her leg, penetrating the bone below the knee. A third surgery was then performed on June 6, 2002. Since then, Ms. Fontenot testified, she has suffered headaches and dizziness, which have kept her from activities such as housework, and she had fallen four times in the months preceding the disputed-claim hearing. She likewise testified that she has not been able to drive since the accident. She stated that as of the time of the disputed-claim hearing, she was still receiving medical treatment as a result of her

2

injury and the ensuing infections. Ms. Fontenot indicated that although she desires to return to work, her doctors have not yet released her for this purpose.[1]

On January 14, 2002, Ms. Fontenot filed a disputed-claim form in which she alleged that Wal-Mart had neither paid workers' compensation benefits nor authorized medical treatment stemming from the November 26, 2001 accident. Wal-Mart answered, asserting that Ms. Fontenot was not injured during the course and scope of her employment and that her injuries were not related to the alleged work-related accident. Moreover, Wal-Mart claimed that Ms. Fontenot was able to perform light-duty work, which would preclude her from receiving workers' compensation benefits.

The matter proceeded to hearing on July 2, 2003. In a judgment rendered on September 10, 2003, the workers' compensation judge ruled that Ms. Fontenot had proven that her injury was sustained while in the course and scope of her employment and that she was entitled to wage and medical benefits. In addition, the workers' compensation judge awarded penalties and attorney's fees, finding that Wal-Mart failed to reasonably controvert Ms. Fontenot's claim.

Wal-Mart appeals the workers' compensation judge's ruling, asserting the following assignments of error:

> 1. The workers' compensation judge committed manifest error in determining that Ms. Fontenot was entitled to workers' compensation benefits when she did not prove by a preponderance of the evidence that a work-related accident and injury occurred during the course and scope of her employment; and
>
> 2. The workers' compensation judge committed manifest error in awarding attorney's fees and penalties to Ms. Fontenot in accordance

---

[1]The record indicates that Ms. Fontenot had one prior accident during her employment at Wal-Mart. She testified that while putting french bread in a freezer in August 2000, she slipped and fell, hitting her head. She maintained that she fully recovered from this accident, adding that she did not file a workers' compensation claim. She further averred that she had not received medical treatment between the August 2000 accident and the November 2001 accident.

with the finding that Wal-Mart did not reasonably controvert her claim in that there were substantial legitimate disputes involved in the matter.

**Discussion**

*Entitlement to Benefits*

Louisiana Revised Statutes 23:1031 provides that a claimant may receive workers' compensation benefits from an "accident arising out of and in the course of his employment." The claimant may recover after proving, by a preponderance of the evidence, that the accident occurred "on the job site and that an injury was sustained." *Sterling v. Asplundh Tree Expert Co.*, 03-266, p. 5 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, 128 (quoting *Bryan v. Allstate Timber Co.*, 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 724 So.2d 853, 855). A workers' compensation judge's findings of fact are reviewed on appeal pursuant to the manifest-error standard. *Nabors Drilling USA v. Davis*, 03-136 (La. 10/21/03), 857 So.2d 407. This standard is likewise employed when an appellant raises questions as to the sufficiency of the evidence in the proceedings below. *Id.*

Wal-Mart contends on appeal that the workers' compensation judge erred in finding that Ms. Fontenot proved by a preponderance of the evidence that she sustained an accident in the course and scope of her employment. It insists that although Ms. Fontenot suffered an accident while working at Wal-Mart, she did not suffer an accident in the "scope" of her employment. In support of its position on appeal, Wal-Mart underscores Ms. Fontenot's testimony that approximately twenty years before the accident at issue, she suffered two grand mal seizures while at home. Accordingly, it argues that Ms. Fontenot's accident was caused by her epilepsy, not by any risk associated with her employment.

4

Wal-Mart argues that the decision of the Louisiana Supreme Court in the matter of *Kern v. Southport-Mill*, 174 La. 432, 141 So. 19 (1932), is applicable in the present appeal. It contends that in *Kern*, the supreme court held that an accident arises out of employment when it results from a risk to which an employee was subjected in the course of his employment. It further cites *Kern* for the proposition that the mere occurrence of an accident on the job is insufficient to establish the crucial nexus between an employment risk and the subject accident. Wal-Mart maintains that Ms. Fontenot has only proven that her own physical infirmities caused the accident at issue, not any risk of employment.

Our review of the relevant jurisprudence indicates that, in matters similar to the instant appeal, Louisiana courts have been reluctant to deny workers' compensation benefits to claimants whose pre-existing medical conditions may have contributed to their work-related accidents. For example, in *Guidry v. Serigny*, 378 So.2d 938 (La.1979), a trial court declined to award compensation benefits to a cook who had fallen *en route* from the storage area of a restaurant to its kitchen, basing its decision upon evidence that the claimant had fallen due to a heart attack or a fainting spell instead of as a result of a waxed floor. The court of appeal affirmed.

On review, the Louisiana Supreme Court reversed. It observed that the trial court denied benefits because the cook could not demonstrate a causal connexity between her employment and the heart attack or fainting spell that caused her to fall. The supreme court disagreed with the trial court's reasoning, pointing out that "the plaintiff's accident was not the fainting spell, heart attack or slip which may have caused her to fall. Plaintiff's accident was the fall itself and this is so regardless of the precipitating reason therefor." *Guidry*, 378 So.2d at 940. The court then turned to a

5

determination of whether the accident "arose out of" the claimant's employment, applying the standard as stated in *Kern*:

> The inquiry is two-fold. First, it must be determined whether the employee was then engaged in his employer's business and secondly, did the necessities of the employer's business reasonably require that the employee be at the place of the accident at the time of the accident. *Kern v. Southport-Mill*, 174 La. 432, 141 So. 19 (1932). Applying this standard to the present accident, it is apparent that the fall arose out of Mrs. Guidry's employment. When the plaintiff fell, she was carrying a mayonnaise jar from the storage area to the kitchen in order to prepare for the noon meal. This activity was certainly in pursuit of her employer's business. It is equally apparent that her employment required that she be in the area where the accident occurred. We therefore hold that Mrs. Guidry's fall was an accident arising out of and in the course of employment within the meaning of R.S. 23:1031.

*Id*.

The third circuit has reached similar conclusions in cases in which an employee with a pre-existing medical condition seeks workers' compensation benefits stemming from an at-work accident. In *Morris v. City of Opelousas*, 572 So.2d 639 (La.App. 3 Cir. 1990), a panel of this court was asked to review a ruling that granted benefits to an employee who had suffered an on-the-job injury following an epileptic seizure. The City of Opelousas, the claimant's employer, argued on appeal that the accident had not arisen "out of" the claimant's employment because the accident was caused by the claimant's seizures. The deciding panel of this court provided an overview of the applicable law, stating that:

> An otherwise compensable accident does not cease to arise out of the employment simply because it can be attributed to a physical infirmity of the employee. *Guidry v. Serigny*, 378 So.2d 938 (La.1979). It is clear that a worker's pre-existing condition does not bar his recovery under our worker's [sic] compensation statute. *Id*. Moreover, the jurisprudence is replete with statements that an employer takes the employee as he finds him. An abnormally susceptible worker is entitled to the same protection as a healthy worker. *Allor v. Belden Corp.*, 393 So.2d 1233 (La.1981).

6

*Morris*, 572 So.2d at 642. Paraphrasing *Guidry v. Serigny*, the panel held that "[the claimant's] accident was not the epileptic attack which may have caused him to fall. [The claimant's] accident was the fall itself and this is so regardless of the precipitating reason therefor." *Id.* at 642.[2]

The record of the proceedings below indicates that Ms. Fontenot sought medical treatment after experiencing two seizures more than twenty years before the accident at issue. She was prescribed Dilantin, which she discontinued after two years of therapy. Nonetheless, the record indicates that Ms. Fontenot held several jobs following the seizures' occurrence. In addition, according to her testimony at trial, Ms. Fontenot suffers from asthma and from low blood pressure, which has, in certain instances, resulted in her losing consciousness at work. Ms. Fontenot further noted at trial that on occasion, the dizziness that accompanies her low blood pressure has been so bad as to require her to stay home from work.

Despite the fact that Ms. Fontenot suffered from a pre-existing illness—epilepsy—that apparently contributed to her accident, we note that, according to *Guidry* and *Morris*, this does not foreclose her recovery of workers' compensation and medical benefits in this matter. Applying the standard set forth by the supreme court in *Kern* to the instant matter on appeal, we find that Ms. Fontenot's accident occurred in the scope of her employment. At the time of her fall, Ms. Fontenot was carrying bread from the bakery to the deli in accordance with her employment responsibilities. In addition, the record indicates that her employment required her to work in the bakery department on the morning of the accident. We find no manifest

---

[2]Parenthetically, the *Morris* court observed that the claimant was prescribed Dilantin for his seizures but did not regularly take his medicine. *Id.* at 641-642. The claimant's failure to take his medication as prescribed did not preclude his recovery.

7

error in the workers' compensation judge's ruling that Ms. Fontenot sustained an accident in the course and scope of her employment. This assignment lacks merit.

*Penalties and Attorney's Fees*

Wal-Mart also argues on appeal that the workers' compensation judge committed manifest error in assessing penalties and attorney's fees against it in the amounts of $2,000 and $5,500, respectively, for its having failed to reasonably controvert Ms. Fontenot's claim. It argues that the record of the proceedings below does not support the workers' compensation judge's determination that it acted arbitrarily and capriciously in handling this claim. Wal-Mart insists that this was a matter in *bona fide* dispute and requests that these awards be vacated.

In *Johnson v. T.K. Stanley, Inc.*, 00-1000, p.10 (La.App. 3 Cir. 2/28/01), 781 So.2d 760, 767 (footnotes omitted), a panel of this court provided the following discussion of the circumstances in which penalties and attorney's fees are properly awarded to a claimant:

> An employee is entitled to penalties and attorney's fees when the employer arbitrarily, capriciously, or without probable cause fails to timely pay workers' compensation benefits. In effect, this law describes an employer which fails to reasonably controvert the employees' [sic] claim. An employer is deemed to have reasonably controverted a claim when it possessed sufficient factual and medical information to rebut the employee's factual and medical assertions.

The first circuit, in *Authement v. Wal-Mart*, 02-2434, p. 11 (La.App. 1 Cir. 9/26/03), 857 So.2d 564, 574 (quoting *Brown v. Texas-LA Cartage, Inc.*, 98-1063, pp. 8-9 (La.12/1/98), 721 So.2d 885, 890), states that "[f]or purposes of La. R.S. 23:1201.2,"[a]rbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstance presented, or of seemingly unfounded motivation." We review the workers' compensation judge's

8

award of penalties and attorney's fees pursuant to the manifest-error standard. *See Sterling*, 856 So.2d at 131.

Our review of the relevant jurisprudence reflects that, throughout Louisiana, it is clear that an accident is considered to arise "in the scope of employment" if the employment required the employee-claimant to be at the site of the accident when it happened. *See, e.g., Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313; *Haywood v. Dugal*, 00-334 (La.App. 5 Cir. 10/31/00), 772 So.2d 240, *writ denied*, 00-3215, 00-3258 (La. 2/2/01), 784 So.2d 4; *Pappas v. Marine Spill Response Corp.(MSRC)*, 94-879 (La.App. 3 Cir. 2/15/95), 650 So.2d 441, *writ denied*,95-706 (La. 5/5/95), 654 So.2d 326; *Guillory v. Gulf States Utilities*, 94-38 (La.App. 3 Cir. 10/5/94), 643 So.2d 488. In addition, within the third circuit alone, the prevailing interpretation of La.R.S. 23:1031 in situations such as the instant appeal is that a claimant's recovery will not be barred on the basis of a pre-existing injury if the claimant can otherwise prove that an at-work accident occurred. *See, e.g., Sterling*, 856 So.2d 125; *Tate v. Cabot Corp.*, 01-1652 (La.App. 3 Cir. 7/3/02), 824 So.2d 456; *Curtis v. Wet Solutions, Inc.*, 98-789 (La.App. 3 Cir. 12/9/98), 722 So.2d 421; *Stelly v. Guy Scroggins, Inc.*, 96-401 (La.App. 3 Cir. 10/9/96), 682 So.2d 782. In light of this overwhelming case law, we find that the workers' compensation judge's determination that Wal-Mart did not reasonably controvert Ms. Fontenot's claim was not manifestly erroneous.

Moreover, Wal-Mart produced neither factual nor medical evidence that tended to challenge Ms. Fontenot's claim. It did not dispute that Ms. Fontenot was acting within the course of her employment when the accident occurred. Instead, the record reflects that Wal-Mart's chief trial strategy was to establish that Ms. Fontenot suffered from epilepsy or another pre-existing illness that caused her to fall near the deli

department on November 26, 2001. As stated above, it is clear that an employee's pre-existing illness will not preclude her recovery if she can prove that the injury occurred during the course and scope of her employment as defined in *Kern*. Accordingly, we find that Wal-Mart failed to reasonably controvert Ms. Fontenot's cause of action. The workers' compensation judge was not manifestly erroneous in awarding Ms. Fontenot penalties and attorney's fees in this matter. This assignment is without merit.

## DECREE

For the foregoing reasons, the workers' compensation judge's ruling is affirmed. All costs of this proceeding are assigned to the defendant-appellant, Wal-Mart Stores, Inc.

**AFFIRMED.**