# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-265


**GERNINE MAILHES**

**VERSUS**

**DISTRICT ATTORNEY, PARISH OF CALCASIEU**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT # 3
PARISH OF CALCASIEU, NO. 03-07715
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**


**Christopher M. Trahan**
**Raggio, Cappel, Chozen & Berniard**
**P. O. Box 820**
**Lake Charles, LA 70601**
**Counsel for Defendant/Appellant:**
    **District Attorney, Parish of Calcasieu**

**Mark M. Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**Counsel for Claimant/Appellee:**
    **Gerine Mailhes**

**PICKETT, Judge.**

The defendant-employer, the District Attorney, Parish of Calcasieu (the DA), appeals a decision by an Office of Workers' Compensation Judge (WCJ) finding that the claimant, Gernine M. Mailhes, suffered a work-related accident on October 22, 2002, which aggravated her pre-existing condition and resulted in her becoming disabled from working after July 2, 2003. The claimant answered the appeal seeking an increase in attorney's fees for work necessitated by this appeal. We affirm the decision of the WCJ and award the claimant an additional $2,500.00 in attorney's fees.

## FACTS

The claimant, Gernine M. Mailhes, was an assistant district attorney in the Calcasieu Parish District Attorney's (DA) Office. Upon returning from court on October 22, 2002, she went into the women's bathroom and allegedly slipped and fell on the wet floor (it appears that she did not completely hit the floor). At the time, Ms. Mailhes had been employed by the DA for sixteen years.

Her prior medical history showed extensive back and neck problems. She had been involved in two automobile accidents, one in the 1980's and one in the 1990's and, as a consequence of these accidents, she had undergone a number of surgical procedures including laminectomies, discectomies, and fusions. As of October 2002, the claimant had undergone laminectomies at L-3/4 and L-4/5 with an unspecified repair at S-1, and, after the failure of lesser treatment, had undergone fusions at C-4/5, C-5/6, and C-6/7. At the time of her work-related accident, she was still under medical care, was limited in her physical activities, and was experiencing pain which adversely effected her daily life. The WCJ found that the claimant was able to work

at the time of her accident, but that following the accident her condition worsened, and, by July 2003, she was no longer able to work.

On appeal, the DA's Office assigns only one error, asserting that the WCJ erred in that "her decision is clearly wrong, in finding the evidence adduced at trial preponderates to prove an aggravation which may have occurred following the October 22, 2002 incident made Ms. Mailhes' pre-existing condition disabling after July 3, 2003."

## LAW AND DISCUSSION

The law applicable to this case was discussed by this court in *Sharbono v. Fire Safety Sales and Serv.*, 04-265, pp. 6-7 (La.App. 3 Cir. 9/29/04), 883 So.2d 1066, 1070 (emphasis ours), *writ denied*, 04-2661 (La. 1/28/05), 893 So.2d 73:

> An appellate court may not set aside the WCJ's factual findings unless they are manifestly erroneous or clearly wrong. *Alexander v. Pellerin Marble & Granite*, 93-1698 (La.1/14/94), 630 So.2d 706; *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Even though an appellate court may believe that its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility should not be disturbed on review where there is conflict in the testimony. *Freeman v. Poulan/Weed Eater*, 93-1530 (La.1/14/94), 630 So.2d 733.

> In *Baker v. Conagra Broiler Co.*, 93-1230, pp. 8-9 (La.App. 3 Cir. 5/4/94), 640 So.2d 494, 498, *writ denied*, 94-1435 (La. 9/23/94), 642 So.2d 1289 (citations omitted), we summarized the jurisprudence pertaining to a worker with a pre-existing condition as follows:

> > In compensation cases, the claimant has the burden of showing that more probably than not an employment accident occurred and that it had a causal relation to the disability suffered. A worker's preexisting condition does not bar his or her recovery under the workers' compensation laws because an employer takes the worker as he finds him or her. An abnormally susceptible worker is entitled to no less protection under the workers' compensation statute than a healthy worker. It is immaterial that the diseased or weakened condition of the worker might eventually produce the disability suffered

2

outside of the employment situation. Said another way, the worker's claim for disability benefits will not be disqualified if the work-related injury *aggravates, accelerates, or combines with a disease or infirmity* to produce death or disability for which compensation is claimed.

*See also, Cotton v. First Fleet*, 07-41 (La.App. 3 Cir. 5/2/07), 957 So.2d 239.

Furthermore, the "developing injury" rule makes it clear that if an employee sustains an on the job accident in which an injury is immediately apparent, but still continues to work until he/she is finally disabled from doing so, the employee will not be penalized.

The underlying rationale for this interpretation is that an injured employee who continues to work, despite a work-related medical condition which is painful but not then disabling, should not be penalized for attempting to remain in the work force in order to support his or her family or in the hope that the condition will improve.

*White v. Phoenix Pharmacy*, 03-1624, p. 5 (La.App. 3 Cir. 4/7/04), 870 So.2d 592, 596, *writ denied*, 04-1150 (La. 7/2/04), 877 So.2d 147, quoting *Sevin v. Schwegmann Giant Supermarkets, Inc.*, 94-1859, p. 5 (La. 4/10/95), 652 So.2d 1323, 1326.

The defendant's argument relies almost exclusively on the claimant's prior injuries and her medical records which document her treatment and condition prior to her October 2002 accident. There is no doubt that prior to October 2002 the claimant was working in pain and under restrictions as to lifting, bending, prolonged sitting, etc. However, even with her restrictions and her pain, she was able to continue her employment.

Dr. Frank W. Lopez had become the claimant's treating physician in 2000. He was well aware of all of her medical problems and, as early as 2001, had recommended that she either find other employment or consider retiring. He stated that her problems basically remained the same, but that "they became exacerbated

3

over time." In his deposition, Dr. Lopez testified as follows:

> In the time I knew Gernine before this [the October 2002 accident] happened, as I said, I had made recommendations that she change jobs, that she ease off the situations that were causing her to have pain. And even though she accept[ed] what I said, she didn't–I didn't think she made a great effort to change what she was doing because I think she was enjoying her job. Stress or whatever it was, she wanted to stay there. So, my impression would have been that had she been able to continue, she would have either continued in the same job or something else that she could have managed to do.
> . . . .
> And my interpretation of the whole thing is that a person which has the conditions that Gernine presented in that initial year I knew her, I would have expected that she was going to deteriorate and have some kind of problems. I think this accident [of October 2002] accelerates everything to the point of her having to change all of her working activities and end up not–not working.
> . . . .
> I think that in my understanding of her condition, I think that [the accident] both accelerated and aggravated the pain problems with certainty in the neck and with great probability in the back, too.

Dr. Lopez stated that after the October 2002 accident he had to change the claimant's medication from a weaker, codeine preparation to a stronger, morphine preparation.

In sum, we find that the testimony of Dr. Lopez supports the finding by the WCJ that the claimant's accident of October 22, 2002, aggravated, accelerated, or combined with her pre-existing infirmity to produce her disability.

Accordingly, for the reasons stated, the judgment of the WCJ is affirmed. The claimant is awarded an additional $2,500.00 in attorney's fees for work necessitated by this appeal.

**AFFIRMED.**

4