# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 04-820


**ESTHER FRANK**

**VERSUS**

**CITY OF LAKE CHARLES**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 03-01195
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Marcus Miller Zimmerman**
**Attorney at Law**
**P. O. Box 6297**
**Lake Charles, LA 70606**
**(337) 474-1644**
**Counsel for: Plaintiff/Appellee**
**Esther Frank**

**Christopher E. John**
**City of Lake Charles Legal Department**
**P.O. Box 900**
**Lake Charles, LA 70602-0900**
**(337) 491-1547**
**Counsel for: Defendant/Appellant**
**City of Lake Charles**

**EZELL, JUDGE**.

In this workers' compensation case, the City of Lake Charles (hereinafter the City) appeals the decision of the workers' compensation judge finding that Esther Frank suffered an injury on or around September 6, 2002. For the following reasons, we affirm the decision of the trial court.

Ms. Frank began working for the City in March of 1996. On October 17, 1997, Ms. Frank injured her back in a work-related slip and fall accident. She received medical benefits and indemnity benefits from the City until June of 1998, at which time she returned to work. She continued to work in pain until September 6, 2002. On that day, she was moving and arranging heavy files when she began to experience pain more severe than usual. She did not return to work. Both parties agree that she is unable to work because of her back.

At trial, the City sought to deny benefits on the basis of prescription, noting that it had been more than three years since the City's last payment of indemnity benefits, claiming that no new work-related accident was sustained by Ms. Frank. However, upon hearing Ms. Frank's testimony, the workers' compensation judge found her to be a credible witness and found that she sustained a new accident that aggravated her prior injury. The workers' compensation judge awarded weekly indemnity benefits. From this decision, the City appeals. Ms. Franks sought penalties and attorney fees, which were denied. Ms. Frank answers the City's appeal, seeking penalties and attorney fees, an award of attorney fees for this appeal, and that the City be assessed all legal costs involved in this matter.

As its sole assignment of error, the City claims that the workers' compensation judge erred in awarding benefits since more than three years had passed since the last payment of indemnity benefits, claiming that no evidence of a new accident was

1

presented. We disagree.

In *Banks v. Industrial Roofing & Sheet Metal Works*, Inc., 96-2840, pp. 7-8 (La. 7/1/97), 696 So.2d 551, 556 (alteration in original), the supreme court set forth the standard of review for factual findings in workers' compensation matters:

> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of review. *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Freeman*, 93-1530 at p. 5, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Stobart*, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

Furthermore, we recognize that the trial court is afforded great discretion where conflict exists in testimony in making reasonable evaluations of credibility of the witness and reasonable inferences based on the evidence. *Leal v. Dubois*, 00-1285 (La. 10/13/00), 769 So.2d 1182. "The trial court has wide discretion in determining the credibility of witnesses and its factual determinations will not be disturbed on appeal absent a showing of manifest error." *State v. Battson*, 36,336 (La.App. 2 Cir. 9/18/02), 828 So.2d 132, 135.

In its oral reasons, the workers' compensation judge specifically stated that it found Ms. Frank to be an "extremely credible" witness. The weight and credibility given Ms. Frank's testimony by the workers' compensation judge are entitled to great deference by this court, and while the evidence is far from overwhelming in Ms. Frank's favor, we can find no manifest error in the decision of the workers'

2

compensation judge.

As for Ms. Frank's answer seeking penalties and attorney fees, a workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *McKenzie v. City of Bossier City*, 585 So.2d 1229 (La.App. 2 Cir.1991). The trial court noted in its oral reasons that it believed during the pretrial stage the City had "a good case from a prescription standpoint." There was no abuse of discretion in the workers' compensation judge denial of penalties and attorney fees in this case. Accordingly, there will be no award of attorney fees for this appeal. Costs of the trial below were assessed to the City by the workers' compensation judge, that decision is likewise upheld.

For the above reasons, the decision of the workers' compensation judge is affirmed. Costs of this appeal are assessed against the City of Lake Charles.

**AFFIRMED.**