# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1069


**CURTIS PREJEAN**

**VERSUS**

**TOWN OF IOWA**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT #3
PARISH OF CALCASIEU, NO. 07-02469
CHARLOTTE BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


**Mark Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
    **Curtis Prejean**

**Christopher R. Philipp**
**Attorney at Law**
**P. O. Box 2369**
**Lafayette, LA 70502**
**(337) 235-9478**
**Counsel for Defendant/Appellant:**
    **Town of Iowa**

**DECUIR, Judge.**

The defendant-employer, the Town of Iowa (Town), appeals a decision by the Office of Workers' Compensation Judge (WCJ) finding that the claimant, Curtis Prejean, suffered a work-related accident in September 2006, which aggravated his pre-existing condition and resulted in his becoming disabled from working. The claimant answered the appeal seeking an increase in attorney fees for work necessitated by this appeal. We affirm the decision of the WCJ.

### FACTS

Prejean was employed by the Town of Iowa beginning in 1991, and initially injured his back in 1999 while in the course and scope of his employment. Prejean continue to work, but received continual treatment for his condition at the Town's expense until the present. Over the years, Prejean aggravated his injury numerous times, and received additional treatment, but continued to work. He never reported these incidences as separate accidents. In September 2006, Prejean felt a burning in his back while pulling a hose.

He did not report an accident, but sought additional treatment as he had done in the past. Unfortunately, this time Mr. Prejean was unable to continue working despite several attempts. As a result of his latest injury, Prejean required back surgery. The Town refused to authorize the surgery.

Prejean filed a claim for workers' compensation benefits. The WCJ found that Prejean carried his burden of proof for establishing the existence of a new work-related injury in September 2006. The WCJ also found that Prejean was entitled to temporary total disability benefits, but found the claim was reasonably controverted and declined to award penalties and attorney fees. With regard to the failure to authorize Prejean's surgery, the WCJ found the Town did not timely respond to the

request for authorization and awarded $2,000.00 in penalties and $3,500.00 in attorney fees to Prejean. The Town lodged this appeal.

## DISCUSSION

The Town first contends that the WCJ erred in finding that Prejean established that the aggravation of his pre-existing back injury was a new accident for purposes of workers' compensation. We disagree.

The law applicable to this case was discussed exhaustively by this court in *Mailhes v. District Attorney*, 07-265 (La.App. 3 Cir. 10/10/07), 967 So.2d 600, *writ denied*, 07-2170 (La. 1/11/08), 972 So.2d 1165, *citing Sharbono v. Fire Safety Sales and Serv.,* 04-265 (La.App. 3 Cir. 9/29/04), 883 So.2d 1066, *writ denied,* 04-2661 (La. 1/28/05), 893 So.2d 73. In light of the legislative requirement of publication of workers' compensation cases, we incorporate the discussions by reference rather than recreating them here.

In this case, the WCJ found Prejean's failure to report the accident was credibly explained by his work history, and that the testimony and records of his treating physician corroborated his claim. We agree with the assessment of the WCJ. Thus, based on our review of the record, and for the reasons assigned in *Mailhes and Sharbono*, we find no manifest error in the WCJ's determination that Prejean established a new accident and is entitled to TTD benefits.

The Town also contends that the WCJ erred in awarding penalties and attorney fees for its failure to timely authorize Prejean's surgery. We disagree.

A workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *Frank v. City of Lake Charles*, 04-820 (La.App. 3

2

Cir. 11/10/04), 887 So.2d 679.  After reviewing the record, we find no abuse of discretion in this case.

Prejean answered the appeal seeking attorney fees for prosecution of this appeal.  The Town argues the answer is untimely.  We disagree.  Governor Jindal issued an executive order suspending all legal delays due to Hurricanes Gustav and Ike.  The order covers the answer in this case.  Accordingly, we find the answer to be timely and award Prejean $3,500.00 in attorney fees for prosecution of this appeal.

## DECREE

For the reasons assigned, the judgment of the WCJ is affirmed.  The claimant is awarded $3,500.00 in attorney fees for this appeal.  All costs are taxed to the Town of Iowa.

**AFFIRMED.**