# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-872

**JOHN BRISCOE**

**VERSUS**

**McNEESE STATE UNIVERSITY, ET AL.**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 10-02822
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

**REVERSED IN PART; AND
AFFIRMED AS AMENDED IN PART.**

**Mark Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
    **John Briscoe**

**Elizabeth B. Hollins**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, LA 70629**
**(337) 491-2880**
**Counsel for Defendants/Appellants:**
**McNeese State University**
**Office of Risk Management**

**DECUIR, Judge.**

## FACTS

John Briscoe (Briscoe) was employed by McNeese State University (McNeese) as a trades apprentice at Burton Coliseum. It is undisputed that Briscoe was injured on July 27, 2009, while installing flooring at Burton Coliseum. Furthermore, it is undisputed that he aggravated the injury on January 10, 2010, while putting together a steel livestock fence for a rodeo event. Briscoe's relationship with his supervisor deteriorated progressively, and he was terminated on March 12, 2010. Briscoe filed a claim for workers' compensation.

The workers' compensation judge found that there is no doubt that Briscoe was injured and that the medical evidence supports that conclusion. The workers' compensation judge further found that Briscoe was probably never McNeese's star employee and that the situation was exacerbated by McNeese's apparent inability to find or create suitable light-duty work for Briscoe. More specifically, the workers' compensation judge found that McNeese took a rather cavalier attitude toward the opinion of Briscoe's treating physician and failed to authorize physician-ordered lumbar injections. The workers' compensation judge also found that McNeese made little effort to modify Briscoe's job duties. The workers' compensation judge found this attitude led to Briscoe working in pain doing jobs outside his restrictions and achieving unsatisfactory results for McNeese. The workers' compensation judge found that McNeese used these unsatisfactory results and Briscoe's pain-induced poor attitude as grounds for termination.

Accordingly, the workers' compensation judge awarded Briscoe supplemental earnings benefits (SEB) based on zero earnings from March 12, 2010. In addition, the workers' compensation judge ordered medical care, vocational rehabilitation, $6,000.00 in penalties, and $9,000.00 as attorney fees. McNeese

lodged this appeal. Briscoe answered seeking an award of attorney fees for work on the appeal.

## DISCUSSION

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551. In applying the manifest error standard, the appellate court determines whether the factfinder's conclusion was reasonable, not whether the trier of fact was right or wrong. *Id.* "[E]ven where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier, the court of appeal may not reverse if the factfinder's findings are reasonable in light of the record reviewed in its entirety." *Winford v. Conerly Corp.*, 04-1278, pp. 15-16 (La. 3/11/05), 897 So.2d 560, 569-70.

McNeese's first two assignments of error allege that the workers' compensation judge erred in awarding SEB to Briscoe because they did not know of his inability to do his prior job and because he was fired for reasons unrelated to his injury. We disagree.

Entitlement to SEB is provided by La.R.S. 23:1221(3), under which the threshold prerequisite to recovery is that the employee's injury results in his inability to earn wages equal to ninety percent of the wages he was earning at the time of the injury. In this case, the workers' compensation judge found that McNeese fired Briscoe because he could not satisfactorily complete his assigned job tasks. The workers' compensation judge found Briscoe's firing, medical records, and his un-rebutted testimony that he could not find anyone else to hire him was sufficient to establish his entitlement to SEBs. In view of McNeese's failure to offer evidence of available jobs for Briscoe, we cannot say the workers'

2

compensation judge's findings are manifestly erroneous. These assignments have no merit.

McNeese next contends that the workers' compensation judge erred in ordering vocational rehabilitation services where they were not pled, and there is no evidence that Briscoe cannot accomplish his present job. We find the pleadings requesting all benefits to which Briscoe is entitled to be sufficient. Likewise, our resolution of the previous issue together with the testimony of General Manager Jared LeBlue informing McNeese Human Resources Director Charlene Abbott that there was not much on the job that could even be considered light duty amply establish that there was no manifest error in the workers' compensation judge's award of vocational rehabilitation services.

McNeese next contends that the workers' compensation judge erred in awarding penalties and attorney fees. A workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *Frank v. City of Lake Charles*, 04-820 (La.App. 3 Cir. 11/10/04), 887 So.2d 679. After reviewing the record, we find no abuse of discretion in the award of penalties and attorney fees with regard to Briscoe's medical and indemnity benefits. However, workers' compensation statutes providing for penalties and attorney fees are penal in nature and to be strictly construed. *Langley v. Petro Star Corp. of La.*, 01-0198, pp. 3-4 (La. 6/29/01), 792 So.2d 721, 723. While we have found that Briscoe's pleadings were sufficient to encompass a demand for vocational rehabilitation service, they lack the specificity required to support a claim for penalties. It is evident that $2,000.00 of the penalties awarded by the workers' compensation judge were for McNeese's failure to provide vocational rehabilitation services. Accordingly, we

3

reverse the award of $2,000.00 in penalties for failure to provide vocational rehabilitation services.

Briscoe answered the appeal seeking attorney fees for work on this appeal. Accordingly, we hereby amend the judgment to award $3,500.00 in attorney fees for this appeal.

**DECREE**

For the reasons assigned, the judgment of the workers' compensation judge is reversed insofar as it awards $2,000.00 in penalties for failure to provide vocational rehabilitation services. It is amended to award an additional $3,500.00 in attorney fees for work on this appeal and affirmed in all other respects. All costs are taxed to McNeese. Pursuant to the requirement of La.R.S. 13:5112(A), we set those costs in the monetary amount of $778.00.

**REVERSED IN PART; AND AFFIRMED AS AMENDED IN PART.**