STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 11-1285


CREOLE STEEL, INC.

VERSUS

RICKY STEWART


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - NUMBER THREE
PARISH OF CALCASIEU, NO. 09-04688
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


**AFFIRMED AS AMENDED.**


Scott James Pias
522 Alamo St.
Lake Charles, LA 70601
(337) 436-1288
COUNSEL FOR DEFENDANT/APPELLANT:
    Ricky Stewart

Joseph Richard Pousson, Jr.
Plauché, Smith & Nieset, LLC
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
COUNSEL FOR PLAINTIFF/APPELLEE:
    Creole Steel, Inc.

**EZELL, Judge.**

Ricky Stewart appeals a judgment of the Office of Workers' Compensation (OWC) refusing to award penalties and attorney fees for his employer's failure to authorize the purchase of Marinol, a prescription form of marijuana. Mr. Stewart also complains that the workers' compensation judge (WCJ) did not order that his employer reimburse him the money he advanced to purchase the medication.

## FACTS

Mr. Stewart injured his cervical spine in 2000 while employed by Creole Steele, Inc. In October 2001, Mr. Stewart began treatment with Dr. Frank Lopez who specializes in physical medicine and rehabilitation. In May 2009, Dr. Lopez prescribed Marinol. In June 2009, Creole Steel filed a disputed claim form disputing the reasonable medical necessity of Marinol.

In January 2011, a trial on the issue was held. After hearing testimony and reviewing the evidence, the WCJ ordered an independent medical examination of Mr. Stewart in the area of pain management by Dr. James H. Eddy. Later, a judgment was signed by the WCJ who concluded that Dr. Lopez should proceed with his current recommendation for the use of Marinol while investigating other treatment alternatives. Mr. Stewart appealed the judgment due to its failure to award penalties and attorney fees and order reimbursement of the amounts he has already paid for the Marinol.

## PENALTIES AND ATTORNEY FEES

Mr. Stewart argues the WCJ erred in not awarding penalties and attorney fees for Creole Steele's failure to authorize the prescribed Marinol and for failure to reimburse him for his purchase of the prescribed medication.

Louisiana Revised Statutes 23:1201(E) provides: "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or

insurer receives written notice thereof." Failure to pay timely subjects the employer to penalties and attorney fees unless the claim is reasonably controverted or nonpayment results from conditions over which the employer had no control. La.R.S. 23:1201(F)(2). "A claim is reasonably controverted when the employer or insurer produces factual or medical information that reasonably counters the claimant's evidence." *Bourgeois v. Brown's Deli & Mkt., Inc.*, 09-290, p. 7 (La.App. 3 Cir. 10/14/09), 21 So.3d 1072, 1077. A WCJ's decision on whether to award penalties and attorney fees is subject to great discretion which will not be disturbed absent an abuse of discretion. *Briscoe v. McNeese State Univ.*, 11-872 (La.App. 3 Cir. 12/7/11), ___ So.3d ___.

On his office visit to Dr. Lopez on July 15, 2008, Mr. Stewart tested positive for marijuana. Dr. Lopez told Mr. Stewart that he would no longer treat him if he continued to test positive for marijuana. Mr. Stewart explained to Dr. Lopez that the use of marijuana gave him some relief from his pain and improved his capacity for sleep.

Dr. Lopez testified that he could offer Mr. Stewart a legal option in the form of Marinol which would provide relief to Mr. Stewart. Dr. Lopez indicated that he uses Marinol as an optional drug in order to refrain from increasing narcotic usage. He prescribed Marinol to Mr. Stewart in May 2009.

On May 16, 2009, Cindy Moore, a claims representative with Creole Steele's insurance company, faxed a request to Dr. Lopez attaching information on the prescribed drug and requesting the condition for which the Marinol was prescribed. She never received information and followed up with additional requests on May 28, 2009, and June 22, 2009, indicating that Marinol was indicated for (1) anorexia associated with weight loss in patients with AIDS and (2) nausea and vomiting associated with cancer chemotherapy in patients who have

2

failed to respond adequately to conventional antiemetic treatments. Ms. Moore indicated that she had not been able to find any literature that suggested that Marinol was used to treat injuries such as Mr. Stewart's. She also expressed concerned that Mr. Stewart had tested positive in July 2008.

Dr. Lopez admitted that he received the requests from Ms. Moore, which were also included in his medical records. By June 2009, Creole Steele filed the disputed claim form regarding the prescription of Marinol. In August of 2009, Dr. Lopez finally complied with the requests and sent a letter to Ms. Moore summarizing some studies.

Dr. Lopez admitted that the U.S. Food and Drug Administration (FDA) has not approved Marinol for treating musculoskeletal chronic pain. He agreed that Marinol has only been approved as medication for nausea induced from chemotherapy and as helpful in individuals that need to improve their nutrition, such as AIDS patients.

On December 17, 2009, Mr. Stewart saw Dr. Sandra Weitz with Comprehensive Pain Management in Baton Rouge for a second opinion. Dr. Weitz opined that a long-lasting pain medication may give Mr. Stewart a more even level of pain control and did not see any indication for prescribing Marinol. She further suggested that if Mr. Stewart's pain was properly controlled, there would be no need for Marinol because the Marinol only helps to decrease his anxiety.

After a hearing on the matter and on order of the court, Dr. Eddy performed an independent medical examination on April 15, 2011. He also suggested long-lasting pain medications in addition to spinal cord stimulation.

While the WCJ decided that Dr. Lopez should proceed with his current recommendation for the use of Marinol, we find she did not abuse her discretion in

3

refusing to assess penalties and attorney fees.  In addition to two other doctors recommending the use of long-lasting narcotics as opposed to Marinol, the FDA does not even recommend Marinol for treatment of pain conditions related to bodily injuries.  Obviously, this drug is used in very limited circumstances.

**REIMBURSEMENT**

Mr. Stewart claims that the WCJ should have ordered Creole Steele to reimburse him the money that he advanced to purchase the prescribed medication.

Evidence introduced at trial and testimony indicate that Mr. Stewart spent a total of $420.54 on three prescriptions for Dronabinol, also known as Marinol.  Since the WCJ found that the prescription of Marinol was a necessary medical expense pursuant to La.R.S. 23:1203, we find she erred in refusing to order reimbursement to Mr. Stewart of the amounts he has already spent on the medication.  Therefore, we will amend the judgment to include reimbursement for payment of these prescription expenses.

The judgment of the Office of Workers' Compensation is amended ordering Creole Steele, Inc. to reimburse Ricky Stewart the amount of $420.54 as reimbursement for expenses he personally incurred in paying for the Marinol prescription.  In all other respects, the judgment of the Office of Workers' Compensation is affirmed.  All costs of this appeal are assessed to Creole Steele, Inc.

**AFFIRMED AS AMENDED.**