# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-231


**LEMUS JONES**

**VERSUS**

**DUNHAM PRICE, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 10-10035
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Mark Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lemus Jones**

**Michael E. Parker**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1350**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **The Gray Insurance Company**
    **Dunham Price Group, Inc.**

**DECUIR, Judge.**

In this workers' compensation case, Defendant and its insurer appeal a workers' compensation judge's determination that the Claimant was entitled to penalties and attorney fees.

## FACTS

From 1972, until he injured his back while lifting cross ties on February 27, 2006, Lemus Jones was employed by Dunham Price Group, Inc. There is no dispute regarding the injury or that Jones was in the course and scope of his employment at the time of the accident. Jones was paid weekly during the course of his employment. As a result of the accident, Jones had a failed lumbar fusion and was determined to be permanently disabled.

This dispute arises out of an allegedly late payment of indemnity benefits and an alleged failure to authorize medical treatment. Jones filed a claim against Dunham Price Group, Inc. and its insurer, The Gray Insurance Company (hereinafter collectively Dunham/Gray).

The workers' compensation judge found in favor of Jones on both disputed issues and awarded $350.00 in penalties for the late payment, and $2,000.00 in penalties for the failure to authorize treatment. In addition, the workers' compensation judge awarded $10,000.00 in attorney fees. Dunham/Gray lodged this appeal.

## FAILURE TO AUTHORIZE MEDICALTREATMENT

Dunham/Gray contends that the workers' compensation judge erred in awarding penalties for Dunham/Gray's failure to authorize Jones to see his treating physician, Dr. James Perry, an orthopedic surgeon, on a monthly basis.

On July 23, 2010, Dr. Perry referred Jones to Dr. Frank Lopez, a pain management doctor. Dr. Perry noted at the time that he would continue to see

Jones twice a year. Unfortunately, Dr. Lopez was no longer accepting workers' compensation patients.

Dr. Perry saw Jones again on September 28, 2010 and referred Jones to Dr. Christopher Lew, another pain management doctor. On December 17, 2010, Dr. Lew evaluated Jones and suggested epidural steroid treatment which Jones did not want.

On December 28, 2010, Jones saw Dr. Perry again. Dr. Perry's report notes that Jones needs pain medication and that he will administer it and see Jones on a monthly basis. Jones saw Dr. Perry on February 1, 2011 and March 1, 2011. In April, Dunham/Gray refused to authorize a visit with Dr. Perry until September 2011 or six months after the March 1 visit. Dunham/Gray based this refusal on Dr. Perry's July 23, 2010 report and alleged confusion over whether Dr. Perry's monthly visits were related to Jones' work injury or other medical issues.

Unfortunately, rather than seek clarification, Dunham/Gray simply refused to authorize the visit. The workers' compensation judge was not impressed with this lack of diligence. Accordingly, he assessed a $2,000.00 penalty.

A workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *Frank v. City of Lake Charles*, 04-820 (La.App. 3 Cir. 11/10/04), 887 So.2d 679. After reviewing the record, we find no abuse of discretion in the award of penalties.

## LATE PAYMENT OF INDEMNITY BENEFITS

Dunham/Gray next contends that the workers' compensation judge erred in awarding $350.00 in penalties for the late payment of Jones' indemnity benefits for the period of March 3, 2011 to March 21, 2011. The check was not issued until March 25, 2011, and not received until March 29, 2011. Until this check,

2

Dunham/Gray had been sending checks every two weeks so that Jones received them right at the end of the two-week time period.

Dunham/Gray argues that this payment only appeared to be late because the previous payments were early. The workers' compensation judge was not impressed with this argument. He noted that La.R.S. 23:1201(A) provides that payment should be made as nearly as possible to the same time and place as they were made when the employee was working. Accordingly, he found the payment to be late and assessed the penalty. Dunham/Gray argues that the statute also provides that a longer interval may be substituted by agreement. Unfortunately, while Jones acquiesced in Dunham/Gray's two-week payment schedule, Dunham/Gray has not demonstrated the existence of an agreement between the parties. Accordingly, we find no error in the award of penalties by the workers' compensation judge.

## ATTORNEY FEES

Dunham/Gray finally contends that the award of $10,000.00 in attorney fees was excessive. While the award is substantial, given the facts of this case, we note that Jones has not sought additional attorney fees for prosecution of this appeal. Under the circumstances, we find no abuse of discretion in the workers' compensation judge's award of attorney fees.

## DECREE

For the foregoing reasons, the judgment is affirmed. All costs of these proceeding are taxed to Dunham Price Group, Inc. and The Gray Insurance Company.

**AFFIRMED.**