STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
12-206 consolidated with 12-207

DUSTIN ESTIS

VERSUS

AMBAR LONE STAR FLUID SERVICE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 09-01592 C/W 10-07910
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

Mark T. Garber
Mark T. Garber, L.L.C.
2000 West Congress Street
Lafayette, LA 70506
(337) 234-5500
COUNSEL FOR PLAINTIFF/APPELLEE:
 Dustin Estis

**Lee A. Archer**
**Law Office of Lee A. Archer**
**1225 Rustic Lane**
**Lake Charles, LA  70605**
**(337) 474-4712**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Dustin Estis**

**Patrick A. Johnson**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1430**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ambar Lone Star Fluid Service**

**DECUIR, Judge.**

In these consolidated workers' compensation cases, defendants appeal a judgment finding that the claimant suffered an accident in the course and scope of his employment, which resulted in a herniated disk, and awarding penalties and attorney fees.

**FACTS**

On Janurary 27, 2009, Dustin Estis, an employee of Ambar Lone Star Fluid Service (Ambar), injured his back after falling down a flight of stairs at work. No one observed Estis' fall. However, Estis asserts that, unable to get up from the fall, he called his co-worker Monica Baxter to assist him. Baxter in turn called Ambar's safety supervisor, Thomas Gaspard. Gaspard testified that he called his supervisor, Jim McDonald, and then took Estis to the company physician, Dr. Gregory Gidman.

Dr. Gidman saw Estis and noted tenderness in his back. He did not indicate that there were any signs of contusions to the region. Dr. Gidman ordered an MRI, and diagnosed a herniated disc at T7-8 and lumbar bulge at L5-S1. Dr. Gidman then referred Estis to Dr. Luiz deAraujo, a neurosurgeon, who confirmed Dr. Gidman's diagnosis. In addition, Estis saw Harold Broussard, a physician's assistant, and Dr. James Godchaux at the Teche Occupational Medical Clinic. Both medical professionals observed contusions consistent with a fall. Ultimately, claimant chose Dr. John Cobb as his orthopedic surgeon and has continued under his care.

Estis filed a claim seeking penalties and attorney fees for Ambar's handling of the claim, and Ambar challenged the existence of a work related injury. The workers' compensation judge found in favor of Estis and awarded $8,000.00 in

penalties and $12,000.00 in attorney fees. Ambar lodged this appeal. Estis answered seeking additional penalties and attorney fees.

## WORK-RELATED ACCIDENT

Ambar first contends that the workers' compensation judge erred in finding that Estis met his burden of proof for establishing a work-related accident. Ambar notes that under *Bruno v. Harbert International, Inc.*, 593 So.2d 357 (La. 1992), a claimant's testimony alone may only meet the burden of proof if: 1) no evidence discredits or casts serious doubt on claimant's version, and 2) the claimant's version is corroborated by circumstances following the accident, be they in the form of medical evidence, or testimony of coworkers, family or friends. The decision of the workers' compensation judge is reviewed under the manifest error standard. *Butterfield v. Turner Industries,* 06-1098 (La.App. 3 Cir. 2/7/07), 951 So.2d 476, *writ denied*, 07-507 (La.4/27/07), 955 So.2d 692.

Ambar bases its argument largely on the fact that Estis' story varied slightly over time and Dr. Gidman's initial report noted that he observed no contusions, scrapes or scratches. While certainly points worthy of note, our review of the record indicates that Estis' story of the accident is largely consistent. Moreover, Estis' story of events immediately following the accident are corroborated by Ambar's safety officer, Thomas Gaspard. Finally, Dr. Gidman's observations regarding contusions are rebutted by at least two other medical professionals and are of little relevance in light of Dr. Gidman's ultimate diagnosis. Under these circumstances, the workers' compensation judge's determination that Estis met his burden of proof is not manifestly erroneous.

**CAUSATION**

Ambar next argues that the workers' compensation judge was manifestly erroneous in concluding that Estis' injuries were caused by the accident. We disagree.

Where disability has been established, it is presumed that the injury was caused by the accident, absent proof of an intervening cause. *Capitol Mfg. Co. v. Brooks*, 99-267 (La.App. 3 Cir. 11/3/99), 745 So.2d 825, *writ denied,* 99-3411 (La. 2/4/2000), 754 So.2d 236. Ambar does not suggest any other cause for Estis' injuries despite evidence in the record that the issue was investigated. This assignment of error has no merit.

**PENALTIES**

Ambar next contends the workers' compensation judge erred in awarding $8,000.00 in penalties. A workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *Frank v. City of Lake Charles*, 04-820 (La.App. 3 Cir. 11/10/04), 887 So.2d 679.

Ambar asserts that it reasonably controverted Estis' claim and that the comments of the workers' compensation judge support that conclusion. The comments of the workers' compensation judge are not evidence. Moreover, the workers' compensation judge merely indicated that the case as described "sounded off to her." The record reveals that Ambar has substituted suspicion and innuendo for facts and evidence. Unfortunately, neither of those imposters are sufficient to reasonably controvert Estis' claim.

Estis answered seeking additional penalties. After reviewing the record, we find no abuse of discretion in the award of penalties.

## ATTORNEY FEES

Ambar contends the award of $12,000.00 in attorney fees is excessive. Estis answers seeking additional attorney fees for work on the appeal and for frivolous appeal. Our review of the record reveals that Estis' attorney submitted a fee petition in the amount of $23,059.00 of which the workers' compensation judge awarded only $12,000.00. We are mindful of the discretion afforded the lower court, and we do not find the appeal to be frivolous. However, given the submitted fees and the level of the workers' compensation judge's award, we amend the judgment to raise the overall attorney fee award from $12,000.00 to $28,000.00 for work performed previously and on appeal.

## DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is amended to raise the attorney fee award to $28,000.00, and is affirmed as amended. All costs of these proceedings are taxed to Ambar Lone Star Fluid Service.

**AFFIRMED AS AMENDED.**