## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-807


**CHARLIE JOHNSON**

**VERSUS**

**A. W. CHESTERTON, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 15-06182
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED AS AMENDED.**

**George E. Escher**
**Sheryl Story**
**One Galleria Blvd., Suite 1610**
**Metairie, LA 70003-7551**
**(504) 841-5093**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **A. W. Chesterton**
    **National Fire Ins. Co. of Hartford**

**Kevin Louis Camel**
**Cox, Cox, Filo, Camel & Wilson, LLC**
**723 Broad St.**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Charlie Johnson**

**EZELL, Judge.**

A.W. Chesterton and its workers' compensation insurance carrier, CNA, appeal the decision of the workers' compensation judge below finding that Charlie Johnson did not commit fraud under La.R.S. 23:1208. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

On December 13, 2012, Mr. Johnson suffered a work-related accident while picking up a box of parts. Neither his injury nor benefits were disputed at trial. Rather, the sole issue before the workers' compensation judge was whether or not Mr. Johnson committed fraud under La.R.S. 23:1208 by failing to note the proceeds from the sale of a horse on monthly 1020 forms dealing with income from any business enterprise. Mr. Johnson had marked "no" on his monthly questionnaire to questions which read (emphasis in original):

> 2. For the period covered in this report, did you receive a salary, wage, sales commission, or payment, including cash, of any kind?
>
> . . . .
>
> 3. For the period covered in this report, were you self-employed or involved in any business enterprise? **These include but are not limited to** farming, sales work, operating a business (even if the business lost money), child care, yard work, mechanical work, or any type of family business?
>
> . . . .
>
> 4. Did you perform any volunteer work during the period covered in this report?

In December 2014, Mr. Johnson sold a horse for $3,500. Chesterton terminated Mr. Johnson's benefits, claiming that this sale was part of a business enterprise and that Mr. Johnson committed fraud when he denied being part of any business on his 1020 forms. Mr. Johnson then instituted the current claim against Chesterton. After a trial on the merits, the workers' compensation judge found that

Chesterton failed to carry its burden of proof as to the fraud defense, awarded Mr. Johnson supplemental earnings benefits at a zero rate of earnings, awarded penalties in the amount of $8,000 for the termination of benefits, as well as attorney fees in the amount of $10,000. From that decision, Chesterton appeals. Mr. Johnson answers that appeal, seeking additional attorney fees for work done on appeal.

Chesterton asserts two assignments of error. It claims that the workers' compensation judge erred in denying its La.R.S. 23:1208 fraud claims against Mr. Johnson, and that the workers' compensation judge erred in granting Mr. Johnson penalties and attorney fees.[1]

Louisiana Revised Statutes 23:1208 provides, in pertinent part:

> A. It shall be unlawful for any person, for the purpose obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The Louisiana Supreme Court in *Resweber v. Haroil Constr. Co*., 94-2708, 94-3138, p. 14 (La. 9/5/95), 660 So.2d 7, 16, addressed the proof required to prove fraud under La.R.S. 23:1208:

> By its plain words Section 23:1208 requires only that 1) the claimant make a false statement or representation, 2) the statement or representation be willfully made, and 3) the statement or representation be made for the purpose of obtaining workers' compensation benefits.

---

[1] Chesterton lists a third assignment of error in its brief, however, that "assignment of error" is an argument that there is no basis for additional attorney fees to be awarded to Mr. Johnson for work done on appeal. As this is not a true allegation of any error on the workers' compensation judge's part, it will not be treated as such.

The legislature has made a policy decision that willful and deliberate false statements made specifically for the purpose of obtaining workers' compensation benefits is an attempt to defraud the workers' compensation system and should be dealt with harshly. The legislature has shown a continued effort over recent years to make Section 1208 easier to enforce and to make its penalties stronger.

The *Resweber* court noted the false representations must be made for the purpose of obtaining benefits and must be more than inadvertent or inconsequential statements. The court stated:

It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in forfeiture of benefits.

*Id*. Louisiana Revised Statutes 23:1208 applies to statements made to insurance investigators and physicians alike; and it imposes no requirement that the employer show prejudice. *Id*.

A decision to impose or deny forfeiture under La.R.S. 23:1208 is a factual finding which will not be disturbed on appeal absent manifest error. *Brooks v. Madison Parish Serv. Dist. Hosp.*, 41,957 (La.App. 2 Cir. 3/7/07), 954 So.2d 207, *writ denied*, 07-720 (La. 5/18/07), 957 So.2d 155. To reverse a fact finder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). When there are two permissible views of the evidence, the workers' compensation judge's choice between them can never be manifestly erroneous or clearly wrong. *Id*. Ultimately,

the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Stobart*, 617 So.2d 880 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

We find that a reasonable factual basis exists for the workers' compensation judge's finding that Chesterton failed to carry its burden of proof of La.R.S. 23:1208 fraud. Mr. Johnson testified that he had owned horses as a hobby since he was five years old. Mr. Johnson was seventy-six years old at the time of trial. He had owned as many as forty-two horses at one point, but had decreased that number to seven after his accident. Chesterton was aware that Mr. Johnson raised horses while he was employed, as well as after the accident.

While he admitted that he did sell a horse in 2014, Mr. Johnson stated that it was as part of his hobby of raising horses, rather than as any business venture. He testified that the horse he sold for $3,500 was purchased for $20,000 nineteen years prior. He further stated that, prior to that sale, he last sold a horse in 2010, for a mere $1,500. Mr. Johnson stated that any physical work done, such as cleaning stalls and feeding the animals, were done solely out of his desire to have horses as a hobby, rather than as a means of income. While he admitted to using the animals as a tax write-off, he stated unequivocally that he was "not involved in [any] business." The workers' compensation judge clearly believed him. "[R]easonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous." *Novak v. Texada, Miller, Masterson and Davis Clinic*, 514 So.2d 524, 525 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

4

Further, CNA's adjuster, Shannon Dove, admitted at trial that had Mr. Johnson held a garage sale and sold personal property, those proceeds would not be material to his workers' compensation claim. The workers' compensation judge agreed, finding that the sale of the horse was a similar sale of a personal asset, and immaterial to any workers' compensation proceedings. After a thorough review of the record before us, we cannot find that Mr. Johnson willfully made false statements for the purpose of obtaining workers' compensation benefits. There is no manifest error in the workers' compensation judge's findings.

Chesterton next claims that the workers' compensation judge erred in granting Mr. Johnson penalties and attorney fees. A workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion. *Frank v. City of Lake Charles*, 04-820 (La.App. 3 Cir. 11/10/04), 887 So.2d 679. After reviewing the record, we find no abuse of discretion in the award of penalties. Therefore, we can find no merit in this assignment of error.

Finally, Mr. Johnson filed an answer to Chesterton's appeal, seeking an additional award of attorney fees for work done on appeal. "An increase in [attorney] fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase." *McKelvey v. City of Dequincy*, 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690. The record before this court reflects that Mr. Johnson's counsel requested such attorney fees, filed a brief in support of the judgment of the workers' compensation judge, and was successful in defending the judgment in its favor on appeal. Therefore, $2,500 in attorney fees for work performed on appeal is awarded.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed as amended.  We amend the judgment in favor of Mr. Johnson to award an additional $2,500 in attorney fees.  Costs of this appeal are hereby assessed against Chesterton.

**AFFIRMED AS AMENDED.**